IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STANLEY WATKINS,**

    **Plaintiff,**

                                                    **Case No. 2:20-cv-2552**
                                                  **Judge Edmund A. Sargus, Jr.**
    **v.**                                           **Magistrate Judge Elizabeth P. Deavers**

**COLUMBUS CITY SCHOOLS,**
**et al.,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

    This matter is before the Court on a filing captioned as a "Rule 18 Motion to Join Plaintiffs" filed by Plaintiff Stanley Watkins. (ECF No. 15.) Defendants have filed a Response. (ECF No. 22.) Plaintiff has not filed a Reply and the time for doing so has passed. For the following reasons, it is **RECOMMENDED** that the Court **DENY** the motion.

**I.**

    Plaintiff filed this action against Columbus City Schools, the Columbus City School Board, and certain individuals asserting his right to be free from unlawful employment discrimination based on *race, color, religion, sex and national origin*. (ECF No. 1 at ¶ 1.) (emphasis in original). Plaintiff alleges that he was a former employee of the Columbus City Schools and alleges claims under Title VII, the Americans with Disabilities Act ("ADA"), and state law. (*see generally* ECF No. 1.)

    Plaintiff's one-page motion seeking joinder, restated here verbatim, provides in its entirety:

1

> Now comes the plaintiff Stanley Watkins and moves this court to permit the joining of plaintiffs the students is the disabilities Kindergarten class at Fairwood ES. Student name will not be used. Students will be identified as students A, B, C, D, E, F, G.
>
> Watkins has standing as the teacher/advocate to join this plaintiffs under the American with Disabilities ACT (ADA).
>
> Watkins basic claim is that the disabled Kindergarten class was discriminated against by CCS by being placed on the 2nd floor classroom and subjected to segregated eating, educational and recreational opportunities.
>
> Watkins will set out the complainant completely in the amended complaint with the courts permission.

(ECF No. 15 at 1.)

In response, Defendants assert that Plaintiff's motion should be denied for several reasons. First, they note that Plaintiff cites the incorrect rule for purposes of joinder of parties and otherwise fails to articulate why permissive or compulsory joinder is applicable. Further, they contend that Plaintiff purports to act as counsel for seven unnamed "students" from the kindergarten class at Fairwood Elementary School where Plaintiff taught prior to his termination, a role he cannot fulfill as a non-lawyer. (ECF No. 22 at 1-2.) For the following reasons, Defendants' arguments are well-taken.

## II.

As noted, Plaintiff has moved for joinder pursuant to Federal Rule of Civil Procedure which relates to joinder of claims and provides as follows:

> **(a) In General.** A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.
>
> **(b) Joinder of Contingent Claims.** A party may join two claims even though one of them is contingent on the disposition of the other; but the court may grant relief only in accordance with the parties' relative substantive rights. In particular, a plaintiff may state a claim for money and a claim to set aside a

>conveyance that is fraudulent as to that plaintiff, without first obtaining a judgment for the money.

Fed. R. Civ. P. 18.

Because Plaintiff is seeking to add parties, as Defendants contend, this Rule is not applicable here. Further, to the extent that Plaintiff intends to do so, his motion does not address the criteria of the civil rules directed to the joinder of parties. Nor does he explain how those requirements are satisfied here. *See* Fed. R. Civ. P. 19, 20. That is, Plaintiff fails to provide any basis upon which the Court could conclude that the joinder of the proposed plaintiffs is either required or permissible under the circumstances of this case. *See id.*

More significantly, however, Plaintiff's motion suggests his intention to represent seven minor students. As a non-attorney, Plaintiff can only represent himself in this matter pursuant to 28 U.S.C. § 1654. That statute provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The Sixth Circuit of Appeals has recognized that 28 U.S.C. § 1654 "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *see also Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (because "*pro se*" means to appear on one's own behalf, a person may not appear *pro se* on another person's behalf in the other's cause of action"); *Smith v. Washington*, No. 1:17-CV-285, 2018 WL 6981149, at *3 (W.D. Mich. Dec. 4, 2018), *report and recommendation adopted*, No. 1:17-CV-285, 2019 WL 131997 (W.D. Mich. Jan. 8, 2019) (finding that non-attorney pro se plaintiff cannot represent other plaintiffs).

Plaintiff's bare assertion that he has "standing" as a "teacher/advocate" under the ADA is to no avail. Plaintiff has cited no authority demonstrating that the ADA provides an exception to

3

the principle barring *pro se* plaintiffs from representing others. To the extent that the ADA permits "associational standing" under certain circumstances, Plaintiff is not an association. *See Ability Ctr. of Greater Toledo v. Lumpkin*, 808 F.Supp.2d 1003, 1019 (N.D. Ohio 2011) (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000)). Moreover, plaintiff-associations bringing suit under the ADA on behalf of individuals are represented by counsel. *See Ability Ctr. of Greater Toledo*, 808 F.Supp.2d 1003; *Autism Soc. v. Fuller*, No. 5:05-CV-73, 2006 WL 1519966 (W.D. Mich. May 26, 2006); *Isle Royale Boaters Assn. v. Norton*, 154 F.Supp.2d 1098 (W.D. Mich. 2001).

### III.

For the reasons stated above, it is **RECOMMENDED** that the Court **DENY** Plaintiff's "Rule 18 Motion to Join Plaintiffs" (ECF No. 15).

### IV. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 10, 2021                              /s/ *Elizabeth A. Preston Deavers*
                                                                    ELIZABETH A. PRESTON DEAVERS
                                                                    UNITED STATES MAGISTRATE JUDGE