UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STANLEY WATKINS,

      Plaintiff,

                              Case No. 2:20-cv-2552
v.                              Judge Edmund A. Sargus, Jr.
                              Magistrate Judge Elizabeth Preston Deavers

COLUMBUS CITY SCHOOLS, et al,

      Defendants.

**OPINION AND ORDER**

Pro se Plaintiff Stanley Watkins was terminated for cause from his position as a special education teacher after thirty-eight days, and he has not been able to accept that. In the ensuing years he has attempted to litigate and relitigate his removal from the classroom. This is the second case he has brought before this Court. A number of motions are now ripe for review.

For the reasons stated below, the pending motions are resolved as follows. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 25.) and **DENIES** Plaintiff's Motion for Joinder. (ECF No. 15.) Plaintiff's Motion for Sanctions and to Strike is **DENIED**. (ECF No. 19.) Plaintiff's Motion to Amend his Complaint is **DENIED**. (ECF No. 18.) Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 13.) Defendants' Motion to Declare Plaintiff a Vexatious Litigator is **DENIED without prejudice**. (ECF No. 12.) Plaintiff's Motion for a Writ of Mandamus is **DENIED as MOOT**. (ECF No. 27.)

**I. Statement of Facts**

On May 19, 2020, Watkins, proceeding pro se, initiated this lawsuit. Watkins' Complaint contains numerous counts, through which he alleges that Defendants violated Title VII of the Civil

Rights Act of 1964 as amended ("Title VII"), the Americans with Disabilities Act of 1990 as amended ("ADA"), the Thirteenth Amendment, and Ohio law. (Compl. at PageID# 1, 7–11.)

"This action arises under the same facts as [*Watkins v. Columbus City Schools*, Case No. 2:19-cv-394]." (Compl. at ¶ 17, ECF No. 1.) Therefore, the Court takes judicial notice of the facts as articulated in its Opinion and Order granting judgement on the pleadings against Watkins in that case.

> Watkins worked for [Columbus City Schools ("CCS")] as a special education kindergarten teacher from August of 2015 until October 28, 2015, when he was removed from the classroom. Watkins worked for a total of 38 days. During this time, [CCS] became concerned Watkins was unable to teach and control his class, maintain professional relationships with his teaching assistants, and ensure the safety of his seven disabled kindergarten students. Additionally, on several occasions, faculty members observed Watkins sleeping in his classroom while he was responsible for his students' care. On October 28, 2015, [CCS] removed Watkins from the classroom setting for allegedly improperly restraining a student.
>
> Watkins' removal prompted a pre-disciplinary hearing. . . .
>
> At the December 16, 2015 pre-disciplinary hearing, a union representative and two union attorneys represented Watkins. [CCS] heard testimony from witnesses and reviewed documents.
>
> On April 19, 2016, [CCS] notified Watkins that his alleged misconduct "[was] wholly contrary to his responsibilities, duties and obligations as a teacher" and therefore [CCS] would initiate termination proceedings. [CCS] stated that the grounds for termination—"each of which is asserted independent of, and/or in combination with, the other grounds"—were as follows:
>
>> 1. On or about October 6, 2015, while charged with the responsibility of performing duties as a classroom teacher of kindergarten students with multiple disabilities, Stanley Watkins was observed seated in a chair in the corner of his classroom for at least twenty minutes, motionless with his eyes closed while apparently asleep. On several other occasions between August 26, 2015 and October 28, 2015, two classroom instructional assistants also observed Stanley Watkins apparently asleep in the classroom. During the same time period, the building principal observed Stanley Watkins apparently asleep during a staff meeting and during a professional development meeting.

> 2. On several occasions between August 26, 2015 and October 28, 2015, Stanley Watkins displayed negative and/or ineffective interpersonal communication with other staff, including but not limited to the Fairwood Alternative School Music Specialist and classroom instructional assistants, and students.
>
> 3. During the time period of August 26, 2015 through October 28, 2015, Stanley Watkins failed to demonstrate and document adequate instructional planning relating to the general education curriculum as well as the individual needs of the students as required by their individualized education programs. Stanley Watkins also failed to direct the teaching and learning process within the classroom as it related to students and staff which resulted in an unproductive and unsafe learning environment.

Watkins requested a hearing before a referee, pursuant to Ohio Revised Code § 3319.16. Watkins attorneys resigned on January 6, 2017, and going forward, he chose to represent himself. The hearing before the referee commenced on March 6, 2017, and lasted 11 days. The parties collectively called 14 witnesses and presented 71 exhibits.

On June 8, 2017, the referee published a report recommending that [CCS] terminate Watkins' contract. The referee concluded that "Watkins' actions as set forth in the three enumerated grounds of [CCS's] resolution, when taken as a whole, clearly are serious matters and constitute other good and just cause justifying termination of his limited contract as set forth under O.R.C. § 3319.16." Based on this report, [CCS] terminated Watkins' employment, effective June 20, 2017.

Pursuant to Ohio Revised Code § 3319.16, Watkins then petitioned the Franklin County Common Pleas Court to review [CCS]'s decision and determine if "substantial and credible evidence" supported the allegations. To that end, Watkins alleged 27 errors by [CCS], including the violation of Watkins' procedural due process rights, specifically those required by *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985). . . .

*Watkins v. Columbus City Schools*, Case No. 2:19-cv-394, ECF No. 34, 2020 WL 1290298, *1–*3 (S.D. Ohio, March 18, 2020).

Upon reviewing the assignment of errors, which included a claim that Watkins' sleeping was caused by apnea and should have been accommodated, the Franklin County Court of Common Pleas noted that the referee had addressed the argument, and the court concluded that the record "supports the finding that Plaintiff provided no medical evidence to attribute his classroom

sleeping to an apnea disorder and despite being warned by the principal . . . Plaintiff did not take any action nor did he seek alleged needed medical attention for his apnea at that time." (Ex. H at PageID 167–68, ECF No. 13-8.) The court further concluded that Watkins' conduct "constituted 'good and just cause' for his termination." (*Id.* at PageID 168.)

Watkins appealed to the Ohio Tenth District Court of Appeals. The Tenth District addressed Watkins' "numerous claimed errors by overruling all of them en masse because [there was] no evidence in the record that the common pleas court" abused its discretion. (Ex. I at PageID 175, ECF No. 13-9.) Watkins then filed a Notice of Appeal to the Supreme Court of Ohio, and the Supreme Court of Ohio declined to exercise jurisdiction over Watkins' appeal. (Ex. J at PageID 178, ECF No. 13-10.)

Watkins initiated his first lawsuit in this Court against CCS on February 6, 2019. *Watkins v. Columbus City Schools*, Case No. 2:19-cv-394, ECF No. 34, 2020 WL 1290298, *3 (S.D. Ohio, March 18, 2020). In that case, Watkins alleged violations of due process and brought the action under 42 U.S.C. § 1983. *Id.* at *1. While that case was before this Court, Watkins also filed an original action with the Tenth District Court of Appeals of Ohio requesting that it issue a writ of mandamus ordering CCS to permit inspection of its employment relations files—the request was denied. *State ex rel. Watkins v. Columbus City Schools*, 2019-Ohio-4949, 2019 WL 6496945, *1 (Ohio Ct. App., Dec. 3, 2019).

On March 18, 2020, this Court issued an Opinion and Order granting CCS judgement on the pleadings because Watkins' claim was time barred by the statute of limitations; finding that the continuing constitutional violations doctrine did not apply. *Watkins*, 2020 WL 1290298, *7. Through that Opinion and Order, this Court also granted CCS's motion to strike Watkins' amended complaint, finding that the amended complaint (which sought to add new claims and defendants)

4

was procedurally improper and would be futile. *Id.* at *8. And, among the other matters resolved through that Opinion and Order, the Court also denied Watkins' motion to remove the state administrative hearing to this Court. *Id.* at *9–*10.

Watkins then simultaneously filed a motion to vacate judgment and a notice of appeal. *Watkins v. Columbus City Schools*, Case No. 2:19-cv-394, ECF Nos. 37, 38. Through the motion to vacate, Watkins raised new arguments, including that his claim should be preserved by equitable tolling based on an alleged Equal Employment Opportunity Commission ("EEOC") mistake, and that the statute of limitations should have accrued at a later date. *Watkins v. Columbus City Schools*, Case No. 2:19-cv-394, ECF No. 41, 2020 WL 1914808, *2 (S.D. Ohio, April 20, 2020). This Court rejected Watkins' arguments as an improper attempt to relitigate the case, and also rejected the arguments on the merits. *Id.* at *4. The Sixth Circuit affirmed this Court's judgment. *Watkins v. Columbus City Schools*, Case No. 2:19-cv-394, ECF No. 46.

After this Court rejected Watkins' motion to vacate, but before the Sixth Circuit issued its Order, Watkins initiated the instant case. On August 3, 2020, Defendants filed both a motion to dismiss for failure to state a claim, and a motion to have Watkins declared a vexatious litigator. (ECF Nos. 12, 13.) On September 16, 2020, Watkins filed a motion for an extension of time to file a response, as well as a response to Defendants' motion to have Watkins declared a vexatious litigator. (ECF Nos. 16, 17.) Watkins also filed a motion for joinder, seeking to join the children from the Kindergarten class. (ECF No. 15.) The next day, Watkins filed a motion for an extension of time to amend his complaint (ECF No. 18.), as well as a motion for sanctions and to strike Defendants' motion to dismiss. (ECF No. 19.)

The case was assigned to a different Judge at that point, but it was reassigned to this Judge as a related case to Case No. 2:19-cv-394. (ECF No. 20.) Defendants timely filed their reply in

5

support of the motion to declare Watkins a vexatious litigator, and timely filed responses to Watkins' motions. (ECF Nos. 21, 22, 23.) The Court then granted Watkins' motion for an extension of time to file a response. (ECF No. 24.) Because Watkins' previous filings included a motion to strike the motion to dismiss, and a response to the motion to declare him a vexatious litigator, but not a response to the motion to dismiss, this Court granted Watkins an additional ten days to respond to the motion to dismiss. (*Id.*) Watkins filed his response in opposition to Defendants' motion to dismiss, as well as an unauthorized sur-reply to Defendants' motion to declare him a vexatious litigator, and a motion requesting a writ of mandamus. (ECF Nos. 26, 27, 28.) Defendants replied. (ECF No. 29.)

## II. Motion for Joinder

The Magistrate Judge issued a Report and Recommendation on February 10, 2021. (ECF No. 25.) The time for filing objections has passed, and no objections have been filed to the Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation. For the reasons set forth in the Report and Recommendation, Watkins' motion for joinder (ECF No. 15.), is **DENIED**.

## III. Motion to Strike and Sanction

Watkins moves to strike Defendants' motion to dismiss and to sanction Defendants under Rule 11. (ECF No. 19.) Watkins appears to be claiming that Defendants are committing fraud by arguing that his claims are time barred based on the exhibit that he himself attached to his Complaint. Defendants have done nothing to warrant striking their motion to dismiss and they have not violated Rule 11. The motion to strike and sanction (ECF No. 19.), is **DENIED**.

## IV. Motion to Dismiss

### A. Statement of Law

To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying the plausibility standard articulated in *Twombly*). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it][is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 677–79 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79.

In *Iqbal*, the Court explained that one of the "principles" underlying *Twombly* is that the ordinary rule that courts must accept as true allegations made in pleadings for purposes of deciding a Rule 12(b)(6) motion does not apply to legal conclusions. *Id.* at 678. In other words, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. A

motion for judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment. *Source Assocs. v. Valero Energy Corp.*, 273 F. App'x. 425, 427 (6th Cir. 2008).

Moreover, courts are called to "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, such "lenient treatment has limits" and courts "should not have to guess at the nature of the claim asserted . . . ." *Id.* at 977 (internal quotations omitted).

### B. Analysis

#### 1. Statute of Limitations

Defendants first submit that Counts One through Six should be dismissed because they are time barred by the statute of limitations. These Counts concern Title VII and the ADA. "Title VII requires that employees file a charge with the EEOC within 300 days of an alleged unlawful employment practice." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 817 (6th Cir. 2013) (citing 42 U.S.C. § 2000e-5(e)(1)). Watkins' ADA claim, Count Five, follows this same rule. 42 U.S.C. § 12117(a). Watkins avers that he filed a charge with the EEOC in 2017, but due to an EEOC mistake it was not acknowledged until 2020. (*Id.* at 11.) The Court will not decide whether Watkins claims are barred by the statute of limitations, because for the other reasons stated below, none of Watkins claims survives.

#### 2. Title VII

The Court construes Watkins' Complaint as making three claims under Title VII: a hostile work environment claim, a disparate treatment claim, and a retaliatory discharge claim. The Court will address each in turn.

8

First, Watkins claims that Defendants violated Title VII, and specifically 42 U.S.C. § 2000e-2(a), by subjecting him to a national origin, age, and sex based hostile work environment. To establish a hostile work environment claim, a plaintiff must show that "(1) he or she was a member of a protected class; (2) he or she was subjected to unwelcome [] harassment; (3) the harassment complained of was based on [his or her protected status]; (4) the charged [] harassment created a hostile work environment; and (5) the employer is liable." *Smith v. Rock-Tenn Servs.*, 813 F.3d 298, 307 (6th Cir. 2016). Watkins alleges that "Defendant subjected Plaintiff to unwelcome conduct by forcing him, as a term and condition of his employment, to participate in and enforce their Policy of refusing services to his special education Kindergarten." (Compl. at ⁋ 26.) Defendants argue that Watkins has failed to state a claim, because, among other reasons, his allegation is not related to Watkins' race, color, region, sex, or national origin. The Court agrees. Accordingly, Defendants are entitled to dismissal of this claim, as Watkins has failed to allege facts upon which a hostile work environment claim could be sustained.

Second, Watkins claims that Defendants subjected him to disparate treatment based on his national origin in violation of Title VII, and specifically 42 U.S.C. § 2000e-2(a). In order to establish a prima facie case of disparate treatment, a plaintiff must demonstrate: "(1) membership in the protected class; (2) that he or she suffered from an adverse action; (3) that he or she was qualified for the position; and (4) that he or she was treated differently from similarly situated members of the unprotected class." *Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394, 402–403 (6th Cir. 1999). Watkins alleges, "Defendants discriminated against Plaintiff by suspending him without pay and terminating him based on his national origin." (Compl. at ⁋ 28.) Watkins does not state his national origin but does state he is a man of African-American descent,

9

so the Court will construe the allegation on that basis. Otherwise, his claim fails to satisfy the first element.

Even interpreting this claim to be race based rather than national origin based, Watkins' claim still fails to allege that he was treated differently from similarly situated members of an unprotected class. Though Watkins does allege that no white employees were ever "fired without a warning for one sleeping incident," that does not amount to disparate treatment because that is not what happened to Watkins. (Compl. at ¶ 16.) The facts of Watkins' termination have already been extensively litigated. Watkins' termination was based on not one but several instances of sleeping on the job, as well a litany of inappropriate actions directed at the special education students and other employees. Watkins' allegation that CCS failed to fire any white teachers after one sleeping incident, even if true, is insufficient to satisfy the fourth element of Watkins' disparate treatment claim.

Third, Watkins claims that Defendants retaliated against him in violation of Title VII, and specifically 42 U.S.C. § 2000e-3(a). That section prohibits employers from retaliating against employees who "opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3(a). For this section to apply, "a plaintiff's expression of opposition must concern a violation of [Title VII]." *White v. Adena Health Sys.*, No. 2:17-cv-593, 2018 U.S. Dist. LEXIS 114975, at *11 (S.D. Ohio July 11, 2018) (Smith, J.) (citing *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007) (alteration in *White*). Watkins alleges that he "engaged in protected activity" by complaining about the services provided to special education students. (Compl. at ¶ 32.) Specifically, Watkins alleges that he was removed from the classroom "in retaliation" for his "complaints about the disability Kindergarten class being placed on the 2nd Floor." (*Id.* at ¶ 14.) Special education kindergarten students are not "employees or applicants for employment" and

10

Watkins has not alleged that they were subjected to discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Accordingly, Watkins has failed to state a claim of retaliation under Title VII, and Defendants are entitled to dismissal of this claim.

### 3. The Americans with Disabilities Act

Watkins claims he was suspended because of his sleep apnea in violation of the Americans with Disabilities Act (ADA). Defendants contend that this claim should be dismissed due to issue preclusion under Ohio law. Watkins appears to respond that the administrative hearing was not binding because it and the judgment of the court of common pleas were both erroneous. (Resp. at PageID 381–82, ECF No. 26.)

"When the factfinding of a state agency is involved, a federal court must accord such findings the same degree of preclusive effect that they would receive in the courts of that state." *Noyes v. Channel Products, Inc.*, 935 F.2d 806, 809 (6th Cir.1991) (citing *University of Tennessee v. Elliott*, 478 U.S. 788, 799, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986)). "In Ohio, it is well settled that administrative proceedings are entitled to preclusive effect when conducted in a judicial nature, affording the parties an ample opportunity to litigate the issues involved in the proceeding." *Featherstone v. Columbus Public Schools*, 39 F. Supp. 1020, 1022 (1999) (citing *Grava v. Parkman Township*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995)). "[P]roceedings of administrative agencies are considered quasi-judicial if there is notice, a hearing, and an opportunity for introduction of evidence." *Superior's Brands Meats, Inc. v. Lindley*, 62 Ohio St.2d 133, 136, 403 N.E.2d 996 (1980) (quoting *In State ex rel. Republic Steel Corp. v. Ohio Civil Rights Comm.*, 44 Ohio St.2d 178, 184, 339 N.E.2d 658 (1975)).

The Sixth Circuit employs a three-pronged test to determine whether a state agency's factfinding determinations are entitled to preclusive effect. "First, was the agency acting in a

11

judicial capacity; second, would the decision have preclusive effect under [State] law; and third, does the federal action seek to litigate issues already determined by the state agency." *Nelson v. Jefferson County, Ky.*, 863 F.2d 18, 19 (6th Cir. 1988).

Watkins seeks to relitigate the basis for his termination in an action under the Americans with Disabilities Act. In *Featherstone*, this Court held that a sixteen-day termination hearing under Ohio Revised Code § 3319.16 was judicial in nature. 39 F. Supp. 2d at 1024. Watkins' eleven-day termination hearing before a referee occurred under that same section and was followed by an appeal to an Ohio court of common pleas and an Ohio appellate court. The hearing was judicial in nature. Thus, the first prong of the *Nelson* test is satisfied. The second prong is also satisfied, because, as this Court stated in *Featherstone*, "Ohio law is settled that state administrative proceedings are entitled to preclusive effect when conducted in a judicial nature." *Id.* The third prong is satisfied because the referee already addressed Watkins' sleep apnea argument. The referee found that there was no medical opinion offered that Watkins' sleep apnea was the basis for his sleeping in the classroom, and further that Watkins was not diagnosed with sleep apnea until several months after his removal from the classroom. (Ex. B at PageID 76, ECF No. 13-2.) The issue of whether Watkins was removed from the classroom because of his sleep apnea instead of being accommodated has already been litigated by the referee, and relitigated in an Ohio court of common pleas. (Ex. H at PageID 167–68, ECF No. 13-8.) This Court cannot permit Watkins to yet again litigate the basis for his termination.

Watkins may not use the federal court system for purposes designed to be addressed—and already addressed—in the state courts of Ohio. *Featherstone*, 39 F. Supp. 2d at 1024. Here, as in *Featherstone*, this Court gives preclusive effect to the factual determinations of the state

administrative hearing held pursuant to § 3319.16, finding that Plaintiff was terminated for just cause. *Id.* The issue has already been adjudicated, and the Court will not revisit it.

4. **Constructive Slavery**

Watkins alleges constructive slavery in violation of the Thirteenth Amendment to the United States Constitution. Watkins does not make clear what statutory vehicle he is using to bring this cause of action, but it could be brought under 42 U.S.C. § 1983 or 42 U.S.C. § 1985(3). Either way, Ohio's two-year statute of limitations contained in Ohio Revised Code § 2305.10 applies. *Moss v. Columbus Bd. of Educ.*, 2001 U.S. Dict. LEXIS 27000, *10–*11, (S.D. Ohio, Sep. 27, 2001) (citing *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), and *Tolbert v. State of Ohio Dept. of Transportation*, 172 F.3d 934 (6th Cir. 1999)). In his Complaint, Watkins bases this claim on his inability to work as a teacher elsewhere without first resigning from CCS or being terminated, which termination he states occurred on June 20, 2017. (Compl. at ¶ 43, ECF No. 1.) The Complaint was filed on May 5, 2020, outside the two-year statute of limitations.

Accordingly, Defendants are entitled to dismissal of this claim. While Defendants have also made an argument as to why the allegations do not amount to constructive slavery, consistent with principles of constitutional avoidance this Court declines to address that argument.

5. **Ohio Law**

Watkins claims Defendants violated Ohio Revised Code § 4112.02. Under Ohio law, it is "an unlawful discriminatory practice" for "any employer, because of the race, color, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause . . . that person . . . ." Ohio Rev. Code § 4112.02(A). Watkins bases his claim on the allegation that "'but for' the fact that his is an African American Male and over age 59 at the time these actions began he would not have been terminated." (Compl. at ¶ 47.) His only support for this comes in

13

the form of alleged statistics. (*Id.*) Defendants assert that this claim is conclusory because it does not contain sufficient factual matter to support an inference. (Mot. to Dismiss at 20, ECF No. 13.) The Court agrees. The Court would have to infer that the decision to terminate Watson was discriminatory based on demographic information alone. Watkins' allegations, without more, are not enough to state a plausible claim. Accordingly, Watkins failed to state a claim that Defendants violated Ohio Revised Code § 4112.02, and Defendants are entitled to dismissal of this claim.

Next, Watkins claims "CCS, it agent or its Board" violated Ohio Revised Code § 3319.311 through malicious prosecution and the filing of a false report. (Compl. at ¶ 53.) This claim stems from a complaint to the Ohio Department of Education in 2019 and the subsequent decision of the ODE to decline to renew his teaching license. In bringing this claim, Watkins has ignored this Court's Opinion and Order in his prior case, Case No. 2:19-cv-394. In that case Watkins sought to amend his complaint to add claims of fraud stemming from the complaint to the ODE. This Court denied leave to amend, holding that the claim would be futile. *Watkins v. Columbus City Schools*, No. 2:19-cv-394, 2020 WL 1290298, *8 (S.D. Ohio, March 18, 2020). Watkins has simply rewrapped that claim in State law and presented it to this Court again. As before, Watkins admits that he has no knowledge of who filed the complaint, and he has no knowledge of the complaint's contents. (Compl. at ¶ 53.) His claim amounts to pure speculation. Watson fails to state a plausible claim, and the claim is accordingly dismissed.

6. **Further Claims**

To the extent that this Court has not addressed any claims that Watkins understood his Complaint to contain, those claims are dismissed for failure to state a claim, as they are insufficiently pleaded to provide notice under Rule 8 of the Federal Rules of Civil Procedure.

## IV. Motion to Amend

Next, Watkins moves for leave to amend his complaint. (ECF No. 18.) Under Rule 15, a party can amend their pleading once "as a matter of course" within "21 days after serving it" or if the pleading requires a response, "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. Pro. 15(a)(1). After this time has passed, a party may amend its pleading only with the opposing party's consent or by leave of court. *Id.* at 15(a)(2).

"A court need not grant leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun Cty*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted). "'Nevertheless, leave to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, [or] results in undue delay or prejudice to the opposing party . . . .'" *Collins v. Warden, London Corr. Inst.*, No. 2:12-CV-1093, 2013 WL 2434397, at *7 (S.D. Ohio June 5, 2013), *report and recommendation adopted*, No. 2:12-CV-1093, 2013 WL 5182961 (S.D. Ohio Sept. 13, 2013) (internal quotation marks omitted) (quoting *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011)).

Watkins moved to file an Amended Complaint four months after filing his original Complaint and forty-five days after Defendants filed their 12(b)(6) motion, making his motion for leave to amend untimely, which means that leave to amend requires the consent of the opposing party or leave of Court. Fed. R. Civ. Pro. 15(a)(1). Local Rule 7.3 further provides that a party

filing a motion "to which other parties might reasonably be expected to give their consent (such as motion to amend the pleadings . . . ) shall," consult with the parties whose interests may be affected and solicit their consent. There is no indication in the record that Watkins attempted to solicit the consent of the opposing party.

Even assuming Watkins' motion complied with local rules, it is problematic for other reasons as well. Watkins' motion fails to include any explanation as to why an amendment would be necessary, and to what specific end the amendment is sought. The motion states that Watkins intends to clarify his Complaint, but given the record of Watkins' complaints in prior lawsuits, as well as his motions in this case, it is apparent that any amended complaint would not clarify matters, it would only confuse them more. Moreover, granting leave to amend would result in needless delay, and prejudice to the Defendants who have already expended a significant amount of time and resources litigating and relitigating Watkins' thirty-eight days as a teacher. It must also be noted that judicial resources are finite. In short, allowing leave to amend would not be in the interest of justice. Watkins' Motion to Amend his Complaint (ECF No. 18), is accordingly **DENIED**.

## V. Vexatious Litigator Motion

Finally, Defendants move for this Court to declare Watkins a vexatious litigator and enjoin him from instigating any further litigation against them. (ECF No. 12.) "Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 U.S. Dist. LEXIS 209163, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (citation omitted).

Watkins' filings have become increasingly vexatious, to the point that he is now at the line. But this Court is not inclined to declare Watkins a vexatious litigator without first giving him one warning—and only one warning. If he attempts to bring another case against the Defendants in this Court, he will be declared a vexatious litigator. If he attempts to litigate new claims using this case, he will be declared a vexatious litigator.

## VI. Conclusion

For the reasons stated herein, the following matters are hereby resolved. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 25.), and **DENIES** Plaintiff's Motion for Joinder. (ECF No. 15.) Plaintiff's Motion for Sanctions and to Strike is **DENIED**. (ECF No. 19.) Plaintiff's Motion to Amend his Complaint is **DENIED**. (ECF No. 18.) Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 13.) Defendants' Motion to Declare Plaintiff a Vexatious Litigator is **DENIED without prejudice**. (ECF No. 12.) Plaintiff's Motion for a Writ of Mandamus is **DENIED as MOOT**. (ECF No. 27.) The Clerk is **DIRECTED** to close this case.

    **IT IS SO ORDERED.**

**3/25/2021**                          **s/Edmund A. Sargus, Jr.**
**DATE**                               **EDMUND A. SARGUS, JR.**
                                       **UNITED STATES DISTRICT JUDGE**